**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-50054

(Summary Calendar)
_____

ERNEST LEE PERRY,

                          Plaintiff-Appellee,

          versus

CITY OF GEORGETOWN, ET AL.,

                          Defendants-Appellants.

_____

Appeal from the United States District Court
For the Western District of Texas
(94 CV 236)
_____

September 12, 1995

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Ernest Lee Perry filed a civil rights suit against the City of Georgetown, Texas, and certain Georgetown officials: Chief of Police Larry Hesser, police officers Pat Hurley and Fred Pitcher, and City Manager Bob Hart. In his complaint, Perry asserted federal and state law claims arising out of his allegedly false arrest.

     The City of Georgetown, Pitcher, Hart, Hurley, and Hesser

_____

     [*]     Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

filed motions for summary judgment. The court initially granted the motions due to Perry's failure to respond or otherwise prosecute his claims. The court later granted Perry's amended motion for a new trial and set aside its previous order.

The district court then granted the City of Georgetown's motion for summary judgment on Perry's state law claims based on the City's sovereign immunity, but the court denied the City's motion for summary judgment on Perry's federal law claims. The court also denied Pitcher, Hesser, and Hart's motions for summary judgment based on qualified immunity from Perry's federal and state law claims. Pitcher, Hart, and Hesser now appeal from the district court's denial of their motions for summary judgment.

Pitcher argues that the district court erred in denying him qualified immunity from Perry's state and federal civil rights claims. Before deciding whether the district court properly denied summary judgment on this issue, we must first determine the basis for our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("This Court must examine the basis of its jurisdiction, on its own motion, if necessary.")

Generally, this court does not have jurisdiction to review the denial of motions for summary judgment because such decisions are not final as required by 28 U.S.C. § 1291 (1988). *Sorey v. Kellett*, 849 F.2d 960, 961 (5th Cir. 1988). However, under the doctrine of *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985), a defendant may appeal a district court's denial of a summary judgment motion based on qualified immunity to

the extent the district court's denial of the summary judgment motion turned on an issue of law. *See id.* at 530, 105 S. Ct. at 2817; *Hale v. Townley*, 45 F.3d 914, 918 (5th Cir. 1995). In its recent decision in *Johnson v. Jones*, ___ U.S. ___, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995), the Supreme Court clarified its holding in *Mitchell* and held that a defendant may not appeal the denial of a motion for summary judgment if the district court based its denial on the existence of a genuine issue of material fact. *Id.* at ___, 115 S. Ct. at 2159 ("[W]e hold that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a `genuine' issue of fact for trial.").

The district court denied Pitcher's motion for summary judgment based on the existence of genuine issues of material fact. Consequently, under *Johnson*, we lack jurisdiction over Pitcher's interlocutory appeal from the district court's denial of his motion for summary judgment based on federal and state qualified immunity. *See Tamez v. City of San Marcos, Tex.*, No. 94-50686, slip op. at 4-5 (5th Cir. 1995) (holding that *Johnson* precluded interlocutory appeal from denial of summary judgment motion based on state and federal qualified immunity where denial turned on existence of genuine issues of material fact).

Hart and Hesser argue that the district court erred in not dismissing Perry's federal claims against them in their official capacities because such claims are redundant. It is true, as Hart

and Hesser argue, that claims against a city official in his official capacity are treated as claims against the city itself. *Sanders v. English*, 950 F.2d 1152, 1159 n.13 (5th Cir. 1992). However, Hart and Hesser have cited no authority, and we have found none, supporting jurisdiction over an interlocutory appeal that challenges the failure to dismiss "redundant" claims.[1]

For the foregoing reasons, we **DISMISS** Pitcher, Hart, and Hesser's appeal.

---

[1]    Even if such authority existed, Hart and Hesser did not ask the district court to dismiss Perry's official capacity claims against them as "redundant," and we would therefore decline to consider their argument on appeal.

Hart and Hesser also argue that the district court erred in not dismissing Perry's state claims against them in their official capacities. The City of Georgetown and Hart and Hesser in their official capacities collectively moved for summary judgment on Perry's state law claims against them. The three defendants claimed state sovereign immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §§ 101.001-101.109 (West 1986). For purposes of the motion, the defendants used the shorthand "City of Georgetown" to refer to all three defendants. Perry did not respond to their request for sovereign immunity, and the district court granted their motion, stating:

> The City of Georgetown has moved for summary judgment on the state
> law claims against it based on its sovereign immunity. . . .
> Plaintiff has not opposed the City of Georgetown's motion for
> summary judgment on these grounds. Under the Texas Tort Claims Act,
> a city has immunity from claims based on intentional torts, such as
> false arrest and excessive force, based on state law. . . .
> Therefore, summary judgment will be granted in favor of the City of
> Georgetown on the state law claims asserted against it by plaintiff.

Record on Appeal, vol. 2, at 309. Hart and Hesser now contend that the district court erred in not granting them sovereign immunity from Perry's state law claims against them in their official capacities. They contend, as they did below, and Perry does not dispute, as he did not below, that Perry's claims against them in their official capacities are equivalent to claims against the City of Georgetown.

As we read the district court's order, it does not purport to deny Hart and Hesser's motion for summary judgment based on sovereign immunity from Perry's state law claims against them in their official capacities. Rather, the district court appears to have used the same shorthand they did in their motion for summary judgment, that is, it used the term "City of Georgetown" to include Hart and Hesser in their official capacities. Therefore, we read the district court's order granting summary judgment based on the City of Georgetown's sovereign immunity to extend to Perry's claims against Hart and Hesser in their official capacities.

-4-